Joseph V. Dunbar, Plaintiff-Appellee, v. Thomas J. Daily et al., Defendants-Appellants, and W. W. Shaffer, Defendant.

Term No. 52–O–9.

Opinion filed January 30, 1953. Rehearing denied February 24, 1953. Released for publication March 4, 1953.

CRAIG & CRAIG, of Mt. Vernon, for appellants.

ROBERT G. BURNSIDE, of Vandalia, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment order of the circuit court of Effingham county, finding that a mining partnership relationship existed among the owners of working interests in an oil and gas lease, and entering a judgment in favor of appellee, Joseph V. Dunbar (hereinafter called plaintiff), a drilling contractor who performed certain work on the lease, as against appellants, Thomas J. Daily, Leo H. Graves, Paul E. Johnson, Marjorie Johnson, Bert Ketchem, R. W. Starr, Gustave Risacher, A. A. Tomey, Herbert Hyatt, Josephine Hyatt, Albert Dosch, Caroline Dosch, George N. Farris, Roy Anderson, Irene B. Anderson, John Garrett, Mildred Garrett, Raymond I. Gines, Oral N.

Gines, N. W. Strange, A. W. Whaley, Mary A. Whaley, Virgil Hudson, G. F. Cullison, Edna Cullison, James Zarafonetis, Louis J. Zarafonetis and R. H. Gines (hereinafter called defendants), jointly and severally, together with W. W. Shaffer, another defendant, who does not appeal, in the sum of $4,075.56, and costs of suit.

The action is to recover for services and materials furnished pursuant to an agreement entered into between plaintiff and W. W. Shaffer, the operator of the lease and the owner of an undivided interest in a certain oil and gas lease in Effingham county, but the action is instituted not only as against W. W. Shaffer, but as against all the other holders of a working interest. The theory of plaintiff and of the court below is that a mining partnership existed among the respective owners of a working interest and that all persons are individually liable for the entire indebtedness resulting from the contract made by plaintiff and W. W. Shaffer.

While there is a difference in detail as to the facts, the material issues in this case are substantially the same as in the case of *Dunbar v. Olson,* 349 Ill. App. 308, and the conclusions of this court in such case likewise control this case. It is our conclusion in this case as in the case of *Dunbar v. Olson, supra,* that the order of the circuit court of Effingham county entering judgment as against the defendants, other than Shaffer, was improper, and that such judgments as against such individual defendants other than W. W. Shaffer should be vacated and set aside, and that judgment should be entered only as against said W. W. Shaffer, individually.

This cause will, therefore, be reversed and remanded to the circuit court of Effingham county, with directions to such court to vacate and set aside the judgments as against all other individual defendants, other

than W. W. Shaffer, and that the judgment order against said W. W. Shaffer, individually, for the amount as shown in the record in this cause may stand.

*Reversed and remanded, with directions.*

BARDENS, P. J. and SCHEINEMAN, J., concur.